## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MASON WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-1155-JAR-KGG |
| | ) | |
| MENNONITE HOUSING, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
## AND REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Mason Wilson has also filed a Motion to Proceed Without Prepaying Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application (Doc. 3) but **recommends** Plaintiff's claims be **dismissed** for failure to state a viable federal cause of action.

**A.  Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

means.  28 U.S.C. § 1915(a).  "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'"  *Barnett v. Northwest School*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 73 and single with no dependents.  (Doc. 3, sealed, at 1-2.)  Plaintiff indicates he is not currently employed, but lists a modest monthly wage with no listed employer or stated source of the income.  (*Id*., at 2.)  His lists a separate amount of income in the form of Social Security benefits.  (*Id.*, at 4-5.)  He does not own real property or an

automobile. (*Id*., at 3-4.) He enumerates standard monthly expenses, including rent, groceries, electric, and water. (*Id*., at 5.) He has no cash on hand and has never filed bankruptcy. (*Id*., at 4, 6.)

Given Plaintiff's income and financial obligations, the Court finds that Plaintiff's access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

**B.    Sufficiency of Federal Court Filing and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte*

dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a pro se plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of

a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).   Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a pro se plaintiff." *Olson v. Carmack*, 641 Fed.Appx. 822, 825 (10th Cir. 2016).  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury...." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so

that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-

1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  Rule 8(a) requires

three minimal pieces of information to provide such notice to the defendant: (1) the

pleading should contain a short and plain statement of the claim showing the

pleader is entitled to relief; (2) a short and plain statement of the grounds upon

which the court's jurisdiction depends; and (3) the relief requested.  Fed. R. Civ. P.

8(a).  After reviewing a plaintiff's Complaint and construing the allegations

liberally, if the Court finds that he has failed to state a claim upon which relief may

be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff has not actually filed a federal court Complaint.  Rather he has

filed a "Motion to Change Venue," ostensibly relating to a state court Petition

although none is attached or included with his federal court filing.[1]  (Doc. 1.)  In an

included "Statement of Case," Plaintiff contends that "the 18th Judicial District

Court for Sedgwick County Kansas, will not give me a case number on my

documents and all of their documents and will not stamp file any of my pleadings

---

[1]  Plaintiff's filing could potentially be seen as a request for removal pursuant to 28
U.S.C. § 1446(b)(1).  Even so, "[t]he party seeking removal has the burden to show the
propriety of removal and the existence of removal jurisdiction."  ***Klima Well Service,
Inc. v. Hurley***, No. 14-1250-SAC, 2014 WL 6819463, at *1 (D. Kan. Dec. 2, 2014)
(citations omitted).  "Federal courts strictly construe removal statutes and resolve all
doubts in favor of remand." (citing ***Ortiz v. Biscanin***, 190 F.Supp.2d 1237, 1241 (D. Kan.
2002).  For the reasons stated herein, Plaintiff has failed to meet this burden.

or their pleadings, and this is why I request a Change of Venue in this case, to prevent manifest injustice." (*Id.*, at 2.)

Attached to Plaintiff's federal court filing is a "Complaint" that appears to have been filed with the State of Kansas Office of Administrative Hearings. (Doc. 1-1, at 2.) Therein, Plaintiff makes allegations relating to the suicide rate of U.S. military veterans. (*Id.*) He has attached a notice of a bench trial hearing set for July 20, 2022, relating to an eviction case. (*Id.*, at 6.) He also includes a "resident notice" from Defendant relating to a rate increase for cable on which Plaintiff has included a statement alleging he has been stalked and that a chemical bomb was thrown at his building. (*Id.*, at 1.) These events appear to have occurred in January 2020, approximately two and a half years ago. (*Id.*)

Plaintiff's federal Court filing does not indicate his alleged basis for federal court jurisdiction. (*See generally* Doc. 1.) The Court surmises that Plaintiff has attempted to allege a denial of his civil rights. Plaintiff's filing does not, however, factually assert how Defendant or its agents and/or employees may have violated his rights. Plaintiff also fails to state his requested relief. Simply stated, Plaintiff has not alleged sufficient facts to allow the Court to determine the basis of the alleged violations of his civil and/or constitutional rights, to discern how Plaintiff alleges the Defendant is responsible for any such alleged violation, or even state what those claims are or how they belong in federal court.

Finally, given Plaintiff's reference to alleged failures of the 18th Judicial District Court for Sedgwick County, Kansas, the Court surmises that Plaintiff is attempting to appeal a Sedgwick County District Court case to the United States District Court for the District of Kansas. This is improper.

> Because 'federal courts are of limited jurisdiction, they must have a statutory basis for their jurisdiction.' Although Plaintiff claims violations of his civil rights, the pleadings demonstrate this is an attempt to overturn the Sedgwick County court's decision. However, the Rooker-Feldman doctrine prevents this Court from hearing what is essentially the appeal of a state court judgment. '[A] federal district court cannot review matters actually decided by a state court, nor can it issue 'any declaratory relief that is inextricably intertwined with the state court judgment.' ' Even though Plaintiff couches his claims as violations of his federal civil rights, such claims are found to be 'inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.' Here, Plaintiff's current federal claims would not exist, were it not for the state court decision, and the Rooker-Feldman doctrine bars this Court's review of that ... court ruling.

*Ross v. Wolf*, No. 17-4027-DDC-GEB, 2017 WL 4023292, *3 (D. Kan. July 12, 2017) (relying on *Fellows v. State of Kan.*, No. 04-4131-JAR, 2005 WL 752129, at *3 (D. Kan. Mar. 31, 2005), *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)) (other citations omitted). Simply stated, Plaintiff has failed to establish a basis for federal court jurisdiction for his claims, whatever those claims may be. Based on all of the above, the undersigned Magistrate Judge **recommends** to the

District Court that Plaintiff's claims be **DISMISSED** in their entirety for failure to state a cause of action pursuant to federal law.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS **RECOMMENDED**, however, to the District Court that Plaintiff's federal court filing (Doc. 1) be **DISMISSED**.  The Clerk's office shall not proceed to issue summons in this case.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 20th day of July, 2022.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge