IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MASON WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>MENNONITE HOUSING,<br><br>    Defendant. | Case No. 22-1155-JAR-KGG |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On July 20, 2022, in conjunction with granting Plaintiff Mason Wilson's Motion to Proceed Without Prepayment of Fees, presiding Magistrate Judge Kenneth G. Gale issued a Report and Recommendation for dismissal of this case for failure to state a viable federal cause of action.  Plaintiff's certified mail receipt for this Order was returned on July 26, 2022, showing it has been received.[1]  Fourteen days having passed, and no written objections being filed to the proposed findings and recommendations filed by Judge Gale, and after a de novo determination upon the record pursuant to Fed. R. Civ. P. 72(b), the Court accepts as its own the recommended decision to dismiss this case under 28 U.S.C. § 1915(e)(2)(B).

The Court acknowledges that Plaintiff submitted for filing on July 26, 2022, a document captioned "Amended Pleading to Claim Punitive Damages and Motion for Summary Judgment."[2]  Plaintiff does not reference Judge Gale's decision in this document, but out of an abundance of caution, the Court considers whether it remedies the defects identified by Judge

---

[1] Doc. 6.

[2] Docs. 7–8.  This is the same document filed in two separate entries for administrative purposes because it included two distinct types of filings: an amended complaint and a motion for summary judgment.

Gale in his Report and Recommendation.³  It does not.   This document seeks to add a punitive damages claim to his case and requests summary judgment against Defendant.  He asks the Court to consider Exhibit A, which is a summons and eviction petition in a case filed in Sedgwick County, Kansas District Court by French Quarter, LLC, listing him as the defendant.  Plaintiff argues that the state court eviction case is a "false claim against me," and that it contains several procedural defects.⁴  He states that he has filed the instant case "to begin the process of transferring the civil action from state court to federal court."⁵

As Judge Gale explained in his Report and Recommendation, Plaintiff's Complaint fails to demonstrate a basis for federal jurisdiction over this eviction matter, and to the extent he is attempting to appeal a decision made in Sedgwick County, it is improper.⁶  Indeed, "[i]n the absence of extraordinary circumstances, the *Younger* doctrine directs federal courts to refrain from interfering in ongoing state civil proceedings."⁷  Judge Gale also explained that, to the extent Plaintiff purports to remove his eviction case, he has failed to meet his burden to show that removal is appropriate and the existence of removal jurisdiction.⁸  Plaintiff's July 26, 2022

---

³ *See Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (providing that the Court must construe pro se filings liberally).

⁴ Doc. 7 at 2–3.

⁵ *Id.* at 3.

⁶ Doc. 5 at 7–8.

⁷ *Ysais v. Child. Youth & Fam. Dep't*, 353 F. App'x 159, 161 (10th Cir. 2009) (citing *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996)).  This doctrine applies when: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)).  "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Id.* (citing *Seneca-Cayuga Tribe of Okla. v. Oklahoma ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989)).  It appears that the eviction proceeding is ongoing, the state court provides an adequate forum to hear the claims raised by Plaintiff in this Complaint, and eviction proceedings implicate important state interests and are traditionally handled by state law.  Thus, this Court is required to abstain from exercising jurisdiction in this matter.

⁸ Doc. 5 at 6 n.1; *see* 28 U.S.C. § 1441.

filings do not address these deficiencies.  Having reviewed Plaintiff's Complaint, his July 26, 2022 filings, and Judge Gale's Report and Recommendation, the Court accepts as its own Judge Gale's recommendation to dismiss this case.

**IT IS THEREFORE ORDERED BY THE COURT** that **this case is hereby dismissed** in accordance with Judge Gale's July 20, 2022 Report and Recommendation (Doc. 5).

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion for Summary Judgment (Doc. 8) is **denied as moot**.

**IT IS SO ORDERED.**

Dated: August 12, 2022

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE